## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

GLOBAL BROTHERS SRL,
a Romanian Societate cu Raspundere
Limitata,

        Plaintiff,

v.

BEVERLY GLENN,
an individual and d/b/a TEMARAS,

        Defendant

**ORIGINAL COMPLAINT**

Global Brother SRL (hereinafter the "Plaintiff"), by and through its undersigned counsel, files this *Original Complaint* against Beverley Glenn, an individual d/b/a Temaras (hereinafter the "Defendant'), and in support thereof, would respectfully show the Court the following:

### NATURE OF THE ACTION

1.    This is a civil action for claims arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. and for associated intellectual property and business violations under federal and Texas law. This action is to address, inter alia, the unauthorized reproduction, distribution, advertising, use, and display of Plaintiff's protected works on-line, and subject to the Digital Millenium Copyright Act (DMCA).

2.    Plaintiff is a worldwide publisher of popular books directed to survival skills, health and wellness, and related subjects of interest. It has invested substantial resources in

creating, distributing, advertising, and protecting its books, contents, and images thereof (the "Plaintiff's Works") – as according to the protections granted by U.S. copyright, trade dress, trademark, and related intellectual property rights.

3.      Defendant, without authorization or license, engaged in the unauthorized reproduction, distribution, advertising, use, and display of Plaintiff's Works, including at https://temaras.com, to misrepresent source, misrepresent rights, mislead, and divert consumers in this District, causing confusion, financial, and reputational harm to Plaintiff and Plaintiff's Works.

4.      Through this action, Plaintiff seeks to protect its exclusive rights and prevent harm to continue to be caused by Defendant. Plaintiff seeks injunctive relief, statutory damages, actual damages, attorneys' fees, and other relief as just and proper.

## JURISDICTION AND VENUE

5.      This Court possesses subject matter jurisdiction over the action under 28 U.S.C. § 1331, as the claims arise under the Constitution, laws, or treaties of the United States, including but not limited to the Copyright Act (17 U.S.C. § 101 et seq.) and the Lanham Act (15 U.S.C. § 1051 et seq.).

6.      This Court further has exclusive jurisdiction over the claims arising under federal copyright and trademark law under 28 U.S.C. § 1338(a), which grants original jurisdiction to federal district courts for all civil actions arising under any Act of Congress relating to copyrights, trademarks, or unfair competition.

7.      This Court also has jurisdiction under 15 U.S.C. § 1121, which provides that the district and territorial courts of the United States shall have original jurisdiction over all actions arising under the Lanham Act.

8.      This Court additionally has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), as the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Venue is proper in this District under 28 U.S.C. § 1391(b) as Defendant's direct unlawful activities toward this District, including conducting business, advertising, selling, and/or distributing infringing products within this District.

10.      Defendant is subject to this Court's jurisdiction because, pursuant to the Digital Millennium Copyright Act (DMCA) Counter-Notice, and public records, Defendant is located in this District, expressly consent to jurisdiction in this District, and avail themselves to this court otherwise.

**PARTIES**

11.      Plaintiff, Global Brother SRL, is a Romanian Societate cu Raspundere Limitata (SRL) organized and existing under the laws of Romania, with principal place of business located at Ghiozdanului 22A Lighthouse Residence, Bucharest, Romania (the "Plaintiff"). The Plaintiff is engaged in the business of creating, publishing, selling, distributing, and advertising books in the United States and internationally. Plaintiff owns and holds all rights, title, and interest in and to the intellectual property associated with its

books, including "THE HOLISTIC GUIDE TO WELLNESS" (see, e.g., Exhibit A, Plaintiff registered U.S. Copyright abstracts and image of the book and cover). Rights associated with the foregoing include trade dress and U.S. common law trademark rights.

12.    Defendant, Beverley Glenn, is an individual located in this District, and conducts business at 8721 S. Botanic Blvd., Houston, Texas 77009. Beverly Glenn is in the business of retailing various goods including books, which she causes to be sold, advertised, and delivered in U.S. commerce, including to residents of this State. She controls and owns all or part of the website https://temaras.com, which website displayed content complained of herein (the "Offending Website"). Defendant filed the DMCA Counter-Notice that caused the instant action to be filed. The Counter-Notice asserted Beverley Glenn as the responsible party (Exhibit B, consisting of the Offending Website and Counter-Notice and email). Beverly Glenn may be served with process at 8721 S. Botanic Blvd., Houston, Texas 77009, or wherever she may be found.

## FACTUAL BACKGROUND

13.    Plaintiff is the exclusive owner of all rights, title, and interest in and to book "THE HOLISTIC GUIDE TO WELLNESS" based on, but not limited to its registered copyrights, common law trademark rights and distinctive trade dress:

a.    TRADEMARK: Plaintiff has acquired common law trademark rights in the title and cover for its book "THE HOLISTIC GUIDE TO WELLNESS" through continuous and extensive use in commerce, resulting in strong consumer recognition.

4

b.      TRADE DRESS: Plaintiff's trade dress includes the distinctive design comprising its title, layout, font style, color scheme, and associated imagery. Its trade dress is inherently distinctive and has acquired secondary meaning in the marketplace, signifying to consumers that the origin is from Plaintiff.

c.      COPYRIGHT: Plaintiff owns non-U.S. and U.S. Copyright Registrations for "THE HOLISTIC GUIDE TO WELLNESS" inter alia, the book, text, artwork, videos and website as in TX0009455798, PA0002515718, TX0009246277, VA0002425155, and PA0002405925 (Exhibit A, image of cover and U.S. Copyright Office and United States Patent and Trademark Office record abstract, printouts).

14.     The book comprises:  title, THE HOLISTIC GUIDE TO WELLNESS: Herbal Protocols for Common Ailments by Nicole Apelian, Ph.D. The overall design comprises a distinctive layout and arrangement of visual elements that together function as both source-identifying trade dress and protectable copyrightable content. The cover features a dark blue background with a symmetrical border of circular botanical illustrations in gold. The top section of the design displays a stylized green leaf emblem above the book title, which is rendered in a large serif gold font: "The Holistic Guide to Wellness." Below the title, a rectangular panel showcases five square images arranged in a grid, featuring (from left to right): a glass bottle containing a herbal preparation, a human anatomical silhouette partially overlaid with plant-like imagery, a hand holding berries above green foliage, a broadleaf plant growing in grass, and a row of glass jars filled with

different herbal materials. These images visually reinforce the herbal and natural wellness theme. The subtitle "Herbal Protocols for Common Ailments" is printed in the same gold serif font on a blue background beneath the image panel. The author's name, "Nicole Apelian, Ph.D.," appears at the bottom in smaller white font. The combination of graphic elements—including the specific leaf emblem, botanical border, photographic arrangement, typographic style, color palette, and compositional structure—collectively constitutes a protectable trade dress. The individual photographs, graphic design, and overall layout are original works of authorship subject to copyright protection. (see e.g., Exhibit A, cover, image following below).



15.     Plaintiff's book has been extensively marketed, distributed, and sold in the United States since at least as early as beginning 2023, generating substantial consumer recognition and goodwill. As a result of this continuous use and promotion, Plaintiff has established enforceable rights in the content, title, design, and associated trade dress.

16.     On or about mid to late June 2025, Plaintiff discovered unauthorized version(s) of its book published, advertised for sale, and being sold for profit on the Offending Website https://temaras.com (the "Offending Use"). The following is a representative image of the Offending Use:



17.    The Offending Use includes what appears as an exact copy of Plaintiff's book, its copyrights, trademark and distinctive tradedress, creating a false impression of affiliation, origin, and connection with the Plaintiff and its goodwill. The Offending Use has some differences, namely the announcement mutilates the complete title, so it reads "The Holistic Guide." The difference is significant in revealing an intention to avoid detection of unauthorized use, but otherwise insignificant as to the overall impression and purpose.  The Offending Use being a violation of SHOPIFY user terms, and violation of federal and state intellectual property and related laws.

18.    To safeguard its intellectual property rights, mitigate damages and consumer confusion, on or about June 20, 2025, Plaintiff filed a Digital Millennium Copyright Act (DMCA) Takedown notice with SHOPIFY. Following Plaintiff's complaint, the Offending Use was suspended.

19.    On or about June 24, 2025, having waited no time to investigate the claim, the Defendant filed a Counter-Notice, claiming the Takedown was made in error and asserting a "good faith belief" that the Offending Use was lawful. Under SHOPIFY's policy subject to the DMCA, the Offending Use may be reinstated within 14 business days from filing the Counter-Notice, unless Plaintiff files a federal lawsuit (Exhibit B, Counter-Notice, SHOPIFY email).

20.    Between the period of June 24, 2025 and July 1, 2025, Plaintiff sent correspondence via e-mail to Defendant confirming Plaintiff's ownership rights and requested information to seek resolution and avoid litigation. The correspondence was

directed at the e-mail address provided in the Counter-Notice. Defendant responded with what appears to be an automatic reply on June 24, 2025, but failed or refused to further respond to the Plaintiff's inquiries, which remain ignored at the present requiring this proceeding to avoid the Offending Use from being reinstated.

21.    Plaintiff hereby seeks assistance to enforce its statutory rights, prevent ongoing and future harm, and receive associated damages. Defendant's wrongful acts, including mocked-up book, associated infringement and advertising, have caused irreparable harm to Plaintiff, its goodwill, and financial interests. Plaintiff has suffered and will continue to suffer damages unless Defendant is enjoined.

## CLAIMS FOR RELIEF

### COUNT I
### COPYRIGHT INFRINGEMENT
### [17 US CODE § 501]

22.    Plaintiff realleges and incorporates by reference allegations of ¶¶ 1-21 as though fully set forth herein.

23.    Plaintiff is the lawful owner of valid and enforceable U.S. Copyright Registrations for the book, "THE HOLISTIC GUIDE TO WELLNESS," including its contents and cover artwork, which confer exclusive rights under 17 U.S.C. § 106, including the rights to reproduce, distribute, display, and create derivative works based on the copyrighted material.

24.     Defendant, without authorization or consent, willfully and unlawfully reproduced, distributed, and displayed counterfeits and/or unauthorized copies of Plaintiff's copyrighted materials in violation of 17 U.S.C. § 501 continuously from the time beginning from at least as early as before February 2025, to present. Acts of infringement occurred after the Plaintiff received its copyright registration(s).

25.     Defendant's actions constitute willful infringement as defined under the Copyright Act, entitling Plaintiff to enhanced statutory damages under 17 U.S.C. § 504(c). Under 17 U.S.C. § 505, Plaintiff seeks recovery of its attorneys' fees, costs, and expenses incurred in this action because of Defendant's infringing activities.

26.     As a direct and proximate result of the Defendant's infringing acts, the Plaintiff suffered and will continue to suffer irreparable harm and economic damages for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, the foregoing infringing acts will continue to cause irreparable injury to Plaintiff.

27.     Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting further importing, advertising, using, making, or infringing the protections under Global Brother U.S. Copyright Registrations, and ordering all unauthorized copies that shall exist, to be destroyed or forfeited.

## COUNT II
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### [15 U.S.C. § 1125(a)]

28.     Plaintiff realleges and incorporates by reference allegations of ¶¶ 1-21 as though fully set forth herein.

29.     Plaintiff owns enforceable common law trademarks and trade dress rights in and to the non-functional, unique designs of its books, covers and titles (the trade dress and title marks collectively referred to as "Plaintiff's Trademarks").

30.     The Plaintiff's Trademarks have been in continuous use in U.S. interstate commerce by Plaintiff prior to any date which can be legally claimed by the Defendant.

31.     Plaintiff's Trademarks are inherently distinctive and/or have acquired distinctiveness and secondary meaning based on substantial promotion, sales, marketing, and use in U.S. commerce. Consumers associate the unique titles, unique pattern-design of the books as originating exclusively from Plaintiff.

32.     Defendant's unauthorized use of Plaintiff's trade dress, titles, and overall designs constitutes false misleading representations of fact that is likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval, false description, and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

33.     As a direct and proximate result of the foregoing acts, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, royalties, and other damages in an amount to be determined at trial, and continues to suffer irreparable harm, loss of goodwill, and monetary damages as a direct result of Defendant's unfair competition.

34.     Plaintiff seeks damages, including Defendant's profits, actual damages, and costs, pursuant to 15 U.S.C. § 1117(a), as well as injunctive relief to prevent further acts of

unfair competition. And because Defendant's acts were willful, this is an exceptional case making the Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT III
### MISREPRESENTATION, COUNTER-NOTICE
### [17 U.S.C. § 512(F)]

35.    Plaintiff realleges and incorporates by reference allegations of ¶¶ 1-21 as though fully set forth herein.

36.    Defendant knowingly and materially misrepresented their rights to distribute and display the books in the Counter-Notice.

37.    Defendant's assertions in the Counter-Notice constitute a violation of 17 U.S.C. § 512(f), as they acted with actual knowledge of the falsity of their claims or reckless disregard for the truth.

38.    As a result of Defendant's misrepresentations, Plaintiff suffered and will continue to suffer damage, including but not limited to costs and attorneys' fees incurred in addressing Defendant's unlawful conduct including but not limited to having to file this complaint.

## COUNT IV
### VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES
### — CONSUMER PROTECTION ACT (DTPA)
### (Tex. Bus. & Com. Code §§ 17.41–17.63)

39.    Plaintiff realleges and incorporates by reference allegations of ¶¶ 1-21 as though fully set forth herein.

40.     The DTPA prohibits unfair, deceptive, and unconscionable acts or practices in connection with a consumer transaction. This statute is designed to protect consumers from suppliers who engage in such unlawful conduct. The statute aims to protect consumers and legitimate business entities from harm caused by such unlawful practices.

41.     Defendant engaged in conduct that violates the DTPA by advertising, offering for sale, and attempting to distribute a counterfeit version of Plaintiff's book, "THE HOLISTIC GUIDE TO WELLNESS." This conduct is unfair and deceptive for the following reasons:

a.      Deceptive Representation of the Book's Origin: Defendant deliberately replicated the title, trade dress, and cover design of Plaintiff's books, misleading consumers into believing the infringing book is either affiliated with, authorized by, or a genuine product of Plaintiff.

b.      False and Misleading Advertising: Defendant used deceptive advertisements on Shopify that prominently displayed a counterfeit version of Plaintiff's books, creating confusion among consumers about the source and quality of the product.

c.      Use of a Knockoff Product to Mislead Consumers: Defendant mimicked Plaintiff's distinctive trade dress and design to unlawfully capitalize on the goodwill, reputation, and established consumer trust associated with Plaintiff's book.

d.      This tactic was designed to confuse consumers while evading detection by Plaintiff and online platforms such as Shopify.

e.    Harm to Consumers: Consumers who purchased the infringing books received a counterfeit product that was not authorized or endorsed by Plaintiff. This deception caused consumers to suffer financial loss and diminished trust in Plaintiff's brand.

42.    To preserve the integrity of evidence, Plaintiff seeks an injunction to preserve all potentially relevant electronic evidence, including, but not limited to: (a) Data from Shopify accounts, including sales records, customer communications, and financial transactions related to the infringing book; (b) All financial records connected to the infringing book, including revenue, expenses, and profit calculations; (c) Design files, production records, and any related communications concerning the development or manufacture of the infringing book; (d) Customer communications and data, including complaints, inquiries, or feedback regarding the infringing book; and (e) Records of supplier and distributor relationships, including financial data and agreements.

43.    As a direct and proximate result of Defendant's deceptive acts and practices, Plaintiff has suffered significant harm, including but not limited to loss of sales and market share due to diverted business, damage to reputation and goodwill, and consumer confusion that undermines trust in Plaintiff's authentic product.

44.    Under DTPA, Plaintiff is entitled to recover actual damages incurred as a result of Defendant's violations of the DTPA, including compensation for lost revenue, reputational harm, and other economic injuries. Defendant had actual awareness of the falsity of the representations that she made using deceptive advertisements on Shopify that

15

prominently displayed a counterfeit version of Plaintiff's books. In fact, Defendant made these misrepresentations to induce consumers into placing purchase orders for the counterfeit version of Plaintiff's books. Defendant further knowingly and materially misrepresented their rights to distribute and display the books in the Counter-Notice. Accordingly, Plaintiff is entitled to treble damages pursuant to TEX. BUS. & COM. CODE § 17.45(9).

45.    Plaintiff further seeks equitable relief under the DTPA, including injunctive relief to prevent Defendant from engaging in further deceptive and unfair practices. Such relief is necessary to safeguard Plaintiff's business interests and to protect consumers from ongoing harm.

46.    Pursuant to DTPA, Plaintiff also seeks recovery of its attorneys' fees and costs incurred in prosecuting this action, pursuant to TEX. BUS. & COM. CODE § 17.50(d), as Defendant's conduct constitutes a knowing violation of clearly established consumer protection law under the DTPA.

## COUNT V
## UNJUST ENRICHMENT (TEXAS LAW)

47.    Plaintiff realleges and incorporates by reference allegations of ¶¶ 1-21 as though fully set forth herein.

48.    Defendant has unlawfully benefitted from the unauthorized use of Plaintiff's intellectual property, deriving substantial revenue and goodwill at Plaintiff's expense.

49.    Defendant used Plaintiff's distinctive book title(s), trade dress, and associated goodwill to market and sell unauthorized, counterfeit copies, and/or knockoffs of Plaintiff's "THE HOLISTIC GUIDE TO WELLNESS."

50.    Defendant willfully, knowingly, and with wanton disregard replicated Plaintiff's unique books design. And although there were some changes to the advertisement, they were minor and still included the layout, patterns, and color scheme of Plaintiff, to deceive consumers into purchasing the Defendant's book instead, under the impression that it a genuine "THE HOLISTIC GUIDE TO WELLNESS" book.

51.    By capitalizing on Plaintiff's intellectual property and goodwill, Defendant unjustly obtained significant financial benefits, including but not limited to: (a) Revenue generated from the sale of counterfeit books; (b) Cost savings by avoiding investment in original design, marketing, and branding efforts; and (c) Consumer trust and market recognition built upon Plaintiff's established reputation.

52.    Plaintiff never authorized Defendant to use its intellectual property or to benefit from its reputation and goodwill. Defendant's unauthorized use constitutes unlawful conduct that has harmed Plaintiff financially and reputationally.

53.    Defendant knew or should have known that its actions were unauthorized, unlawful, and performed directly at Plaintiff's expense. Defendant acted willfully and deliberately to exploit Plaintiff's intellectual property for financial gain, with full knowledge that it had no right to do so.

54.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered significant harm, including (a) Loss of revenue and market share due to diverted sales; (b) Reputational harm caused by consumer confusion and association with counterfeit goods; and (c) Diminished goodwill in the marketplace. Equity and good conscience require that Defendant disgorge all profits and other financial benefits unjustly obtained through their wrongful conduct.

55.     Plaintiff is entitled to restitution of all ill-gotten gains and any other equitable relief deemed just by this Court. Equity demands Defendant should not be permitted to retain the benefits unjustly obtained through their wrongful conduct. Plaintiff is entitled to restitution of all ill-gotten gains and profits, as well as any other equitable relief this Court deems just and proper to prevent Defendant from further unjust enrichment at Plaintiff's expense.

### COUNT VI
### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS
### (TEXAS LAW)

55.     Plaintiff realleges and incorporates by reference allegations of ¶¶ 1-21 as though fully set forth herein.

56.     Plaintiff has established and ongoing business relationships with its customers, distributors, and online retailers, where Plaintiff's book(s) "THE HOLISTIC GUIDE TO WELLNESS" are sold. These relationships are built on trust, reputation, and consistent delivery of authentic, high-quality products.

18

57.   Defendant, with knowledge of these relationships, intentionally and unjustifiably interfered with introducing counterfeit goods into the market, diverting sales and eroding consumer trust in Plaintiff's authentic product.

58.   Defendant was aware, or should have been aware, of Plaintiff's business relationships and the goodwill associated with its intellectual property. This knowledge is evidenced by Defendant's deliberate replication of Plaintiff's title, trade dress, and book design, with intentional changes to avoid detection and target, and exploit Plaintiff's customer base and online retail channels.

59.   Defendant intentionally and unjustifiably interfered with Plaintiff's business relationships by engaging in the following actions: (a) Advertising and selling counterfeit versions of Plaintiff's books, thereby diverting sales from Plaintiff's legitimate product; (b) Creating consumer confusion by mimicking Plaintiff's trade dress and title, leading customers to believe they were purchasing Plaintiff's authentic product; (c) Filing a Counter-Notice with SHOPIFY to reinstate their infringing listing, undermining Plaintiff's ability to protect its intellectual property rights and maintain its business relationships.

60.   Defendant's conduct was not privileged, justified, or excused. The actions were willful and malicious, intended to profit at Plaintiff's expense by exploiting Plaintiff's established reputation and business relationships.

61.   As a direct and proximate result of Defendant's tortious interference, Plaintiff has suffered significant harm, including but not limited to: (a) Loss of sales and revenue due to diverted business opportunities; (b) Damage to its reputation and goodwill, as

consumers mistakenly associate the counterfeit goods with Plaintiff's brand; (c) Impairment of its business relationships with customers and online platforms such as SHOPIFY, which rely on Plaintiff's ability to deliver authentic and trusted products.

62.    Plaintiff seeks actual and compensatory damages for the financial and reputational harm caused by Defendant's interference. Plaintiff further seeks punitive damages to deter Defendant and others from engaging in similar wrongful conduct, as well as any other equitable relief this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendant(s) by and through the following:

a.  Preliminary and permanent injunctive relief prohibiting Defendant from further copyright infringement, unfair competition, and deceptive practices;

b.  Statutory damages under the Lanham Act and Copyright Act;

c.  Actual damages, including lost profits and compensation for reputational harm;

d.  Exemplary damages for tortious interference with business relations;

e.  Treble damages under the Texas Deceptive Trade Practices Act;

f.  Disgorgement of Defendant's profits from infringing activities;

g.  Attorneys' fees, costs, and expenses under 15 U.S.C. § 1117 and the Texas Deceptive Trade Practices Act and other federal and Texas law;

h.  An order requiring destruction or forfeiture of all infringing materials in Defendant's possession;

20

i.   Restitution for unjust enrichment under Texas law;

j.   Post-judgment interest, and

k.   Such other and further relief, in law or equity, that the Court would deem that

the Plaintiff is entitled.

Respectfully submitted,

**SILBERMAN LAW FIRM PLLC**

By: /s/ *Steve Costello*

Steven A. Costello
Texas Bar No. 24062677
950 Echo Lane, Suite 200
Houston, Texas 77024
Telephone: (512) 360-9526
Facsimile: (713) 255-4426
Email: scostello@silblawfirm.com


**COUNSEL FOR PLAINTIFF**
**Global Brothers SRL**

# EXHIBIT A



# Copyright

**Registration Number / Date:**
TX0009455798 / 2024-11-19

**Type of Work:**
Text

**Title:**
THE HOLISTIC GUIDE TO WELLNESS.website.

**Application Title:**
THE HOLISTIC GUIDE TO WELLNESS.website.

**Date of Creation:**
2023

**Date of Publication:**
2023-03-10

**Copyright Claimant:**
GLOBAL BROTHER SRL. Address: Ghiozdanului, no 22A, Floor 1, Office A12, Room 1, Bucharest, Romania, 014163, Romania.

**Authorship on Application:**
GLOBAL BROTHER SRL, Domicile: Romania; employer for hire; Citizenship: Romania. Authorship: text, photograph(s)

**Rights and Permissions:**
Claudiu Alexandru Giurgi, GLOBAL BROTHER SRL, Ghiozdanului, no 22A, Floor 1, Office A12, Room 1, Bucharest, Romania, 014163, Romania, +40.768.434.324, legal@globalbrother.com

**Material Excluded:**
photographs from other sources.

**Description:**
Electronic file (eService)

**Copyright Note:**
C.O. correspondence.

**Nation of First Publication:**
United States

**Names:**
GLOBAL BROTHER SRL

**USCO Catalog Link:**

https://publicrecords.copyright.gov/detailed-record/voyager_37871136

---

**Registration Number / Date:**
PA0002515718 / 2024-12-12

**Type of Work:**
Motion Pictures

**Title:**
THE HOLISTIC GUIDE TO WELLNESS.video.

**Application Title:**
THE HOLISTIC GUIDE TO WELLNESS.video.

**Date of Creation:**
2023

**Date of Publication:**
2023-03-10

**Copyright Claimant:**
GLOBAL BROTHER SRL. Address: Ghiozdanului, no 22A, Floor 1, Office A12, Room 1, Bucharest, Romania, 014163, Romania.

**Authorship on Application:**
GLOBAL BROTHER SRL, Domicile: Romania; employer for hire; Citizenship: Romania. Authorship: entire motion picture.

**Rights and Permissions:**
Claudiu Alexandru Giurgi, GLOBAL BROTHER SRL, Ghiozdanului, no 22A, Floor 1, Office A12, Room 1, Bucharest, Romania, 014163, Romania, +40.768.434.324, legal@globalbrother.com

**Description:**
Electronic file (eService)

**Nation of First Publication:**
United States

**Names:**
GLOBAL BROTHER SRL

**USCO Catalog Link:**
https://publicrecords.copyright.gov/detailed-record/voyager_38068095

---

**Registration Number / Date:**
TX0009246277 / 2023-04-03

**Type of Work:**
Text

**Title:**
The Holistic Guide to Wellness.

**Application Title:**
The Holistic Guide to Wellness.

**Date of Creation:**
2023

**Date of Publication:**
2023-03-10

**Copyright Claimant:**
Global Brother SRL, Transfer: By written agreement. Address: Ghiozdanului Str, 22A Lighthouse Residence, floor 1, ap 12A, Bucharest, 014163, Romania.

**Authorship on Application:**
Nicole Apelian; Domicile: United States; Citizenship: United States. Authorship: text.
Global Brother SRL, employer for hire. Authorship: text, artwork.
Amber Robinson (author of anonymous contribution); Domicile: United States; Citizenship: United States. Authorship: text.
Chloe Wade (author of anonymous contribution); Domicile: Canada; Citizenship: Canada. Authorship: text.
Tamara Dickson (author of anonymous contribution); Domicile: United States; Citizenship: United States. Authorship: text.
Janelle Louis (author of anonymous contribution); Domicile: United States; Citizenship: United States. Authorship: text.
Jacqueline Leone (author of anonymous contribution); Domicile: United States; Citizenship: United States. Authorship: text.
Tori Gilbert (author of anonymous contribution); Domicile: Australia; Citizenship: Australia. Authorship: text.
Tyla Cornish (author of anonymous contribution); Domicile: New Zealand; Citizenship: New Zealand. Authorship: text.

**Rights and Permissions:**

Claudiu Giurgi, Global Brother SRL, Ghiozdanului 22A Lighthouse Residence - ap 12A, Bucharest, 014163, Romania, +40768434324, giurgi.claudiu@yahoo.com

**ISBN:**
978-1-7354815-8-6

**Description:**
Electronic file (eService)

**Copyright Note:**
C.O. correspondence.

**Nation of First Publication:**
United States

**Names:**
Apelian, Nicole
Robinson, Amber
Wade, Chloe
Dickson, Tamara
Louis, Janelle
Leone, Jacqueline
Gilbert, Tori
Cornish, Tyla
Global Brother SRL

**USCO Catalog Link:**
https://publicrecords.copyright.gov/detailed-record/voyager_34893574

---

**Registration Number / Date:**
VA0002425155 / 2024-11-19

**Type of Work:**
Visual Material

**Title:**
THE HOLISTIC GUIDE TO WELLNESS.cover design.

**Application Title:**
THE HOLISTIC GUIDE TO WELLNESS.cover design.

**Date of Creation:**
2023

**Date of Publication:**

2023-03-10

**Copyright Claimant:**
GLOBAL BROTHER SRL. Address: Ghiozdanului, no 22A, Floor 1, Office A12, Room 1, Bucharest, Romania, 014163.

**Authorship on Application:**
GLOBAL BROTHER SRL, Domicile: Romania; employer for hire; Citizenship: Romania. Authorship: photograph, 2-D artwork, text.

**Rights and Permissions:**
Claudiu Alexandru Giurgi, GLOBAL BROTHER SRL, Ghiozdanului, no 22A, Floor 1, Office A12, Room 1, Bucharest, Romania, 014163, Romania, +40768434324, legal@globalbrother.com

**Description:**
Electronic file (eService)

**Copyright Note:**
C.O. correspondence.

**Nation of First Publication:**
United States

**Names:**
GLOBAL BROTHER SRL

**USCO Catalog Link:**
https://publicrecords.copyright.gov/detailed-record/voyager_37817338

---

**Registration Number / Date:**
PA0002405925 / 2023-04-05

**Type of Work:**
Motion Pictures

**Title:**
The Holistic Guide to Wellness - commercial video.

**Application Title:**
The Holistic Guide to Wellness - commercial video.

**Date of Creation:**
2023

**Date of Publication:**
2023-03-10

**Copyright Claimant:**
GLOBAL BROTHER S.R.L. Address: 22A Ghiozdanului str, A entrance, 1st floor, ap. A12, Bucharest.

**Authorship on Application:**
GLOBAL BROTHER S.R.L. (author of anonymous contribution), Domicile: Romania; employer for hire; Citizenship: Romania. Authorship: entire motion picture, script.

**Rights and Permissions:**
GLOBAL BROTHER S.R.L., 22A Ghiozdanului, A entrace, 1st floor, ap. A12, Bucharest, 014163, Romania

**Description:**
Electronic file (eService)

**Copyright Note:**
C.O. correspondence.Regarding certification: Certification affirmed by email with Claudiu Alexandru Giurgi on 04/10/2023.

**Nation of First Publication:**
United States

**Names:**
GLOBAL BROTHER S.R.L.

**USCO Catalog Link:**
https://publicrecords.copyright.gov/detailed-record/voyager_34874544

---

Disclaimer: This material was generated by the U.S. Copyright Office's Copyright Public Records System (CPRS). For certified records, contact the Records Research and Certification Division. For information on searching copyright records, see How to Investigate the Copyright Status of a Work (Circular 22). For information on removing personal information from Copyright Office public records, refer to Privacy: Public Copyright Registration Records(Circular 18).

# EXHIBIT B

**Jason L DeFrancesco**

---

| | |
|---|---|
| **From:** | Shopify <legal@shopify.com> |
| **Sent:** | Friday, June 20, 2025 7:53 PM |
| **To:** | legal@GlobalBrother |
| **Subject:** | DMCA copyright notice l temaras.com |

Hi there,

This email is to inform you that the content listed as infringing in the *Digital Millennium Copyright Act* takedown notice about temaras.com has been removed.

We have received a counter notice in response. In accordance with the provisions of the *Digital Millennium Copyright Act*, the removed content listed in the counter notice may be reposted, within 10-14 business days following receipt of the counter notice, unless Shopify receives notice that you have filed a legal action seeking a court order to restrain the merchant from engaging in infringing activity.

Shopify Trust & Safety
Ticket ID: 45266c09-fbb3-4fd2-80e6-ad5350f8a862




151 O'Connor Street, Ground floor, Ottawa, ON, K2P 2L8



1



**Date:** June 24, 2025

<div style="background-color:#dde6b8">

**DMCA Counter Notice | temaras.com**

</div>

**1. Shopify Merchant Contact Information**

First Name:

Glenn

Last Name:

Beverley

Phone:

818-555-2283

Email:

admin@temaras.com

Address:

8721 S. Botanic Blvd., , TX

-

City:

Houston

ZIP/Postal Code::

77009

Country:

United States

State/Province:

Texas

**2. Material(s) Subject to the Counter Notice**

Report ID:

45266c09-fbb3-4fd2-80e6-ad5350f8a862

• https://temaras.com/products/holistic

## 3. Declarations

• I consent to the jurisdiction of the Federal District Court for the judicial district in which my address listed above is located or, if my address listed above is located outside of the United States, I consent to the jurisdiction of the Federal District Court for the District of Delaware.

• I will accept service of process from the party who submitted the DMCA Takedown Notice referred to above or its agent.

• I swear, under penalty of perjury, that I have a good faith belief that the affected content was removed as a result of a mistake or misidentification of the content to be removed.

## 4. Electronic Signature

Glenn Beverley

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

*Otu Costello*

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions.</u>

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



950 Echo Lane, Suite 200
Houston, Texas 77024
Main Office: (713) 255-4422
Direct: (512) 360-9526
Facsimile: (713) 255-4426
Email: scostello@silblawfirm.com

July 10, 2025

Nathan Ochsner
Clerk of Court
U.S. District Court for the Southern District of Texas, Houston Division
Bob Casey United States Courthouse
515 Rusk Avenue
Houston, Texas 77002

**RE:    Global Brothers SRL v. Beverly Glenn d/b/a Temaras**

Dear sir or madam:

Please find enclosed *Plaintiff's Original Complaint*, civil cover sheet, and Certificate of Interested Parties. Payment of the applicable filing and administrative fees are being made today electronically by credit card. Please file said *Plaintiff's Original Complaint* in the U.S. District Court for the Southern District of Texas, Houston Division.

Please do not hesitate to contact me by telephone at (512) 360-9526 or by email at scostello@silblawfirm.com if you have any questions or concerns.

I thank you in advance for your kind consideration.

Sincerely,

**Silberman Law Firm, PLLC**

/s/ *Steve Costello*

Steven A. Costello
Attorney and Mediator